IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JASON WILSON | ) | |
| | ) | |
| v. | ) | No. 3:13-00752 |
| | ) | JUDGE CAMPBELL |
| UNITED STATES OF AMERICA | ) | |

MEMORANDUM

I. Introduction

Pending before the Court is a Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence and Memorandum Of Law And Facts In Support (Docket No. 1), filed by the Movant/Petitioner (hereinafter "Petitioner"), pro se. The Government has filed a Response (Docket Nos. 9, 11) to the Motion, and the Petitioner has filed a Reply (Docket No. 26).

For the reasons set forth herein, the Court DENIES Petitioner's Motion To Vacate (Docket No. 1). Accordingly, this action is DISMISSED.

II. Procedural and Factual Background

Petitioner pled guilty, pursuant to a plea agreement, to possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1), and to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), on April 22, 2002. (Docket Nos. 1, 41, 47 in Case No. 3:01-00115). As part of the plea agreement, the Government agreed to move to dismiss the other six counts of the Indictment at sentencing. (Id.)

Prior to the sentencing hearing, the Probation Office issued a Presentence Investigation Report ("PSIR") describing Petitioner's extensive criminal history, which includes a prior conviction for possession of a controlled substance for resale over .5 grams in Tennessee, and

two Tennessee convictions for robbery. (Docket No. 11-2, at ¶¶ 53, 57, 58). Based on this criminal history, the PSIR determined that the Petitioner had 14 criminal history points and was in Criminal History Category VI. (Id., at ¶ 66). The PSIR also determined that Petitioner's Total Offense Level, which was driven by the quantity of drugs attributed to him, was 33. (Id., at ¶¶ 34, 41-45). Although the PSIR concluded that the Petitioner was a Career Offender under U.S.S.G. § 4B1.1, and an Armed Career Criminal under 18 U.S.C. § 924(e), the otherwise applicable offense level (33) and criminal history category (VI) resulted in a higher applicable guideline range of 235 to 293 months of imprisonment. (Id.)

At the subsequent sentencing hearing on August 2, 2002, the Court adopted the factual findings and guideline applications made in the PSIR, and sentenced the Petitioner to a total term of 240 months of imprisonment. (Docket No. 48 in Case No. 3:01-00115; Docket No. 11-1, at 7 of 8). The Judgment was entered on August 6, 2002. (Id.) The record reveals that no appeal was taken from the conviction or judgment. Petitioner filed the pending Section 2255 Motion To Vacate on July 31, 2013. (Docket No. 1).

### III. Analysis

A. The Petitioner's Claims

The Petitioner contends that his conviction and sentence should be vacated because he no longer qualifies for a 15-year mandatory minimum sentence set forth in the Armed Career Criminal Act, 18 U.S.C. § 924(e).

B. The Section 2255 Remedy

Section 2255 provides federal prisoners with a statutory mechanism by which to seek to

have their sentence vacated, set aside or corrected.[1] The statute does not provide a remedy, however, for every error that may have been made in the proceedings leading to conviction. "'To warrant relief under section 2255, a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" Humphress v. United States, 398 F.3d 855, 858 (6th Cir. 2005)(quoting Griffin v. United States, 330 F.3d 733, 736 (6th Cir. 2003)).

An evidentiary hearing is not required if the record conclusively shows that the Petitioner is not entitled to relief. 28 U.S.C. § 2255(b); Ray v. United States, 721 F.3d 758, 761 (6th Cir. 2013); Arredondo v. United States, 178 F.3d 778, 782 (6th Cir. 1999). No hearing is required "if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" Id. Where the same judge considering the Section 2255 motion also presided over the underlying criminal proceedings, the judge may rely on his own recollection of those proceedings. Blackledge v. Allison, 431 U.S. 63, 97 S.Ct. 1621, 1629 n.4, 52 L.Ed.2d 136 (1977); Ray, 721 F.3d at 761.

The Court has reviewed the pleadings, briefs, transcripts, and records filed in Petitioner's underlying criminal case, as well as the pleadings, briefs, transcripts, and records filed by the

---

[1] 28 U.S.C. § 2255 states, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

3

parties in this case. The Court finds it unnecessary to hold an evidentiary hearing because these records conclusively establish that Petitioner is not entitled to relief on the issues raised.

C.  Statute of Limitations

In its Response, the Government contends that the Petitioner's Motion is barred by the one-year statute of limitations applicable to actions brought pursuant to 28 U.S.C. § 2255. Subsection (f) of Section 2255 establishes the one-year limitations period:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Applying Subsection (f)(1) here clearly indicates that the statute of limitations has expired for Petitioner's Section 2255 Motion. According to the Sixth Circuit, the "date on which the conviction becomes final," under Subsection (f)(1) means "at the conclusion of direct review." 28 U.S.C. § 2255; Sanchez-Castellano v. United States, 358 F.3d 424, 426 (6th Cir. 2004). For purposes of Section 2255, a judgment of conviction that is not appealed by a defendant becomes "final" 14 days after the entry of judgment. Id.; Fed. R. App. P. 4(b) (In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the entry of the

4

judgment or the filing of the government's notice of appeal). Therefore, the Petitioner's judgment of conviction became final on August 20, 2002, at the latest, and he had until August 20, 2003 in which to file an action under Section 2255. As noted above, Petitioner's Motion in this case was not filed until July 31, 2013, almost 10 years later.

Petitioner bases his request to vacate his sentence on the Supreme Court decisions in Sykes v. United States, ___ U.S. ___, 131 S. Ct. 2267, 2268, 180 L. Ed. 2d 60 (2011), Carachuri-Rosendo v. Holder, 560 U.S. 563, 130 S.Ct. 2577, 177 L.Ed.2d 68 (2010), Chambers v. United States, 555 U.S. 122, 129 S.Ct. 687, 172 L.Ed.2d 484 (2009), Begay v. United States, 533 U.S. 137, 128 S.Ct. 1581, 170 L.Ed.2d 460 (2008), Shepard v. United States, 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005), and Ricky Jones v. United States, 689 F.3d 621 (6th Cir. 2012). More specifically, Petitioner argues that these cases establish a new rule regarding application of the Armed Career Criminal Act that would result in a reduction of his sentence. Assuming that Petitioner's argument fits within Subsection (f)(3) of the limitations provision, he would be required to file this action within one year of "the date on which the right asserted was initially recognized by the Supreme Court."

As stated above, the Petitioner filed this action on July 31, 2013, more than one year after all of the Supreme Court cases he cites. Although the filing was within one year of the Sixth Circuit decision in Ricky Jones v. United States, supra,[2] the trigger date for Subsection (f)(3) is the date of the *Supreme Court* decision announcing the new rule. See, e.g., Wiegand v. United States, 380 F.3d 890 (6th Cir. 2004)(trigger date applied by court was the date of the Supreme

---

[2] The Ricky Jones opinion was issued on July 31, 2012 and held that the Supreme Court's Begay decision applies retroactively.

Court's decision recognizing new right; court holds that retroactivity decision is not required to be made by Supreme Court). Therefore, none of these decisions serve as a basis for applying (f)(3) to Petitioner's Motion.

In his Reply brief, the Petitioner cites the Supreme Court's decision in <u>Descamps v. United States</u>, ___ U.S. ___, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013), issued on June 20, 2013, as triggering the limitations period of Subsection (f)(3). Although the <u>Descamps</u> decision is more recent and was issued by the Supreme Court, its holding does not advance the arguments the Petitioner makes in this case.

In <u>Descamps</u>, the Supreme Court held that the lower courts erred in concluding that the defendant was an Armed Career Criminal under 18 U.S.C. § 924(e) because his prior conviction for burglary under California law was not a "violent felony" under that provision. Section 924(e) provides as follows:

> (e)(1) In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).
>
>    (2) As used in this subsection–
>
>       (A) the term "serious drug offense" means –
>
>          (i) an offense under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46, for which a maximum term of imprisonment of ten years or more is prescribed by law; or
>
>          (ii) an offense under State law, involving

> manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law;
>
> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that –
>
>> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>>
>> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another; and
>
> (C) the term "conviction" includes a finding that a person has committed an act of juvenile delinquency involving a violent felony.

In reaching its decision, the Court explained that "burglary" under Section 924(e)(2)(B)(ii) includes the elements of generic burglary, and therefore, does not include burglary under the California statute, which is defined more broadly than generic burglary. 133 S.Ct. at 2283-86. Thus, according to the Court, the defendant's prior conviction did not constitute a "violent felony," and the lower courts erred in going beyond the elements of the statute to consider the facts underlying the conviction. Id.

In this case, Petitioner argues that his prior drug conviction does not constitute a "serious drug offense" under Section 924(e)(2)(A), and that his robbery convictions do not constitute "violent felon[ies]" under Section 924(e)(2)(B)(i). The Supreme Court's discussion of Section

7

924(e)(2)(B)(ii) in Descamps does not address the provisions at issue in this case, and consequently, the Descamps decision does not recognize a right that advances the Petitioner's claim that he is not an Armed Career Criminal. Accordingly, the Petitioner has not satisfied Section 2255(f)(3), and this action is barred by the statute of limitations.

Alternatively, the Petitioner argues that the Court should apply the equitable tolling doctrine. Equitable tolling may apply to extend the one-year statute of limitations under Section 2255(f). Holland v. Florida, 560 U.S. 631, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010); Johnson v. United States, 457 Fed. Appx. 462, 469-70 (6th Cir. Jan. 23, 2012). In order to demonstrate that equitable tolling should be applied, a petitioner bears the burden of demonstrating: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way and prevented timely filing. Holland, 130 S.Ct. at 2562; Johnson, 457 Fed. Appx. at 470.

The Petitioner argues that he pursued his rights diligently because he constantly asked other inmates about whether Begay was retroactive, and points out that Begay was not made retroactive until the Sixth Circuit's decision in Ricky Jones, supra, decided on July 31, 2012. As set forth above, however, the appropriate trigger date for filing is the issuance of the Supreme Court's decision recognizing the right sought to be advanced. The Court is not persuaded that Petitioner has shown an extraordinary circumstance prevented his timely filing, nor has he otherwise demonstrated that he was diligent in pursuing his claim.

The Petitioner also argues that actual innocence should excuse his failure to file timely. The Sixth Circuit has held that the statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard set forth in Schlup v. Delo, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). Souter v. Jones, 395 F.3d 577, 588-602 (6th Cir.

2005). In order to establish actual innocence, the Petitioner must show that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. Id., at 602. The court explained that "'actual innocence means factual innocence, not mere legal insufficiency.'" Id., at 590 (quoting Bousley v. United States, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998)). Such a claim "'requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.'" Id., at 590 (quoting Schlup, 513 U.S. at 324). Furthermore, the court pointed out that "the actual innocence exception should 'remain rare' and 'only be applied in the extraordinary case.'" Id., at 590 (quoting Schlup, 513 U.S. at 321).

Petitioner has not shown that the actual innocence exception should apply here. Petitioner argues that he is "actually innocent" of being an Armed Career Criminal under 18 U.S.C. § 924(e) because his prior convictions do not satisfy the requirements of that statute. The Armed Career Criminal provisions of Section 924(e), however, are applied at sentencing to defendants convicted of certain firearms offenses. Petitioner does not claim to be actually innocent of his offenses of conviction – being a felon in possession of a firearm and the drug trafficking offense.[3] Accordingly, the "actual innocence" exception to the statute of limitations does not apply here.

In any event, the Court notes that even if the statute of limitations were not applied to bar

---

[3] Petitioner does appear to argue that he would not have pled guilty had he known that his prior convictions did not satisfy the Armed Career Criminal statute. Petitioner's plea agreement did not mention Petitioner's status as an Armed Career Criminal, however, nor did it recommend a particular sentence. (Docket No. 9-1). Petitioner's argument is without support in the record.

the Petitioner's Motion To Vacate, the Petitioner is not entitled to a reduced sentence. As discussed above, Petitioner's sentence of 240 months was based on a sentencing guideline range of 235 to 293 months, which was based on Petitioner's drug conviction and his extensive criminal history. (Attachment to Judgment, at p. 1 (Docket No. 11-1, at p. 7 of 8); Paragraph 107 of the Pre-sentence Investigation Report (Docket No. 11-2, at p. 19 of 25)). In other words, Petitioner would have been subject to the same guideline range without regard to whether he qualified as an Armed Career Criminal. Petitioner has not otherwise shown a constitutional error in imposition of the 240-month sentence.

## IV. Conclusion

For the reasons set forth herein, the Court concludes that the Petitioner's Motion To Vacate should be denied. Accordingly, this action is dismissed.

Should the Petitioner give timely notice of an appeal from this Memorandum and Order, such notice shall be treated as a application for a certificate of appealability, 28 U.S.C. 2253(c), which will not issue because the Petitioner has failed to make a substantial showing of the denial of a constitutional right. Castro v. United States, 310 F.3d 900 (6th Cir. 2002).

It is so ORDERED.

                                                           _____
                                                           TODD J. CAMPBELL
                                                           UNITED STATES DISTRICT JUDGE